**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert David LINN, Jr., Defendant–Appellant.**

No. 03–30319.

United States Court of Appeals,
Ninth Circuit.

Submitted March 29, 2004.*

Filed April 7, 2004.

David F. Ness, Assistant Federal Defender, Great Falls, MT, for the defendant-appellant.

Bernard F. Hubley, Assistant United States Attorney, Helena, MT, for the plaintiff-appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before CANBY, WARDLAW, and GOULD, Circuit Judges.

PER CURIAM:

Robert David Linn, Jr., appeals the 188–month sentence imposed following his plea of guilty to possession with intent to distribute methamphetamine and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He argues that his classification as a career criminal under U.S.S.G. § 4B1.2(b) produced a sentencing range that over-represents his criminal history and, therefore, the district court's failure to exercise its discretion to depart downward violates the tenets of 18 U.S.C. § 3553(a). Although Linn concedes that appellate courts traditionally have not been permitted to review discretionary denials to depart, he contends that the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003, Pub.L. 108–21, 117 Stat. 650 (Apr. 30, 2003) (the "PROTECT Act"), now mandates review of discretionary denials. We dismiss the appeal for lack of jurisdiction.

■ It is settled law that 18 U.S.C. § 3742 strips us of jurisdiction to review a discretionary denial of a downward departure. *See United States v. Ruiz,* 536 U.S. 622, 627, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (acknowledging the unanimity of the Courts of Appeals, and collecting cases from each Circuit); *United States v. Rearden,* 349 F.3d 608, 617 (9th Cir.2003). "This general rule of nonreviewability, however, does not insulate any and all decisions by district courts to reject downward departures." *United States. v. Ruiz,* 241 F.3d 1157, 1162 (9th Cir.2001), *rev'd on other grounds,* 536 U.S. 622, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002). Jurisdiction is proper for "[c]laims that the district court failed to exercise any discretion," that "the district court rested its decision not to depart on an erroneous belief that it lacked authority to do so," and those involving constitutional challenges. *Id.* (citations omitted).

■ Linn does not contend that his claim fits into one of the narrow exceptions permitting review. Instead, he argues that recent modifications to 18 U.S.C. § 3742, as prescribed by the PROTECT Act, reinstate appellate jurisdiction over discretionary refusals to depart. Linn's argument fails because the Act addresses only an appellate court's standard of review for claims already under its jurisdiction, specifically those involving sentences *"outside* the applicable guideline range." 18 U.S.C. § 3742(e)(3) (emphasis added). Because the Act does not alter the statute's jurisdictional provisions, *see id.* §§ 3742(a)-(b), it does not disturb our decision in *United States v. Morales,* 898 F.2d 99 (9th Cir.1990), in which we held that the plain language of § 3742(a) prohibits review of discretionary refusals to depart. *Id.* at 102; *see also United States v. Lowe,* 136 F.3d 1231, 1232–33 (9th Cir.1998).

Furthermore, the legislative history reveals that Congress meant what it said when it narrowly drafted the PROTECT Act to apply to departures rather than refusals to depart. *See* H.R.Rep. No. 108–66 (2003) ("This section addresses the longstanding problem of downward departures from the Federal Sentencing Guidelines."); 149 Cong. Rec. S5113, S5115 (April 10, 2003) ("The compromise proposal would simply require judges to sentence these vicious defendants in accordance with the law and not seek new areas or new legal justifications for reducing sentences for these defendants without specific authorization from the U.S. Sentencing Commission.") (statement of Sen. Hatch);

*id.* at S5133 ("It says to judges you will be called on the carpet if you depart downward.") (statement of Sen. Kennedy).

In sum, the explicitly narrow scope of the PROTECT Act's modifications, bolstered by the evidence of legislative intent, makes clear that the Act does not affect our holding in *Morales,* which forecloses review of the district court's discretionary refusal to depart downward in sentencing Linn. We therefore lack jurisdiction to reach the merits of Linn's appeal.

**DISMISSED.**