**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Javier REYES, Defendant—Appellant.**

**No. 03–50523.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.*

Decided Nov. 18, 2004.

James V. Fazio, III, Esq., Michelle Jennings, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ezekiel E. Cortez, Esq., San Diego, CA, for Defendant–Appellant.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the

**MEMORANDUM** \*\*

Javier Reyes appeals the 57–month sentence imposed following his guilty plea to attempted entry after deportation. Reyes challenges the district court's denial of his request for a downward departure based on a combination of factors, including his inability to accept a 30–month plea offer, which required Reyes to plead guilty to two counts of illegal entry in violation of 8 U.S.C. § 1325. Reyes explained that he could not accept the offer because it required him to state untruthfully that he first illegally entered the United States at a time when he was too young to have formed the requisite criminal intent for that offense.

We lack jurisdiction because there is no indication that the district court believed that it lacked the authority to depart on that ground.[1] *United States v. Linn,* 362 F.3d 1261 (9th Cir.2004) (reaffirming that discretionary refusals to depart downward are unreviewable).

**DISMISSED.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The district court did grant a downward departure based on over-representation of criminal history.