**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo VALENCIA–CAUSOR,**
**Defendant—Appellant.**

No. 04–30266.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 2005.*

Decided Aug. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James P. Hagarty, Esq., USYA - Office of the U.S. Attorney, Yakima, WA, for Plaintiff-Appellee.

Karen Lindholdt, Esq., Spokane, WA, for Defendant-Appellant.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Alfredo Valencia–Causor ("Valencia–Causor") pled guilty to one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 87 months of imprisonment. He appeals the district court's denial of his motion to suppress methamphetamine found in the vehicle he was driving, arguing that he did not voluntarily consent to a search. Valencia–Causor also appeals the district court's decision not to depart downward under the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") on the ground that he was a minor or minimal participant in the conspiracy to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

### I.

■ Whether consent to search was voluntarily given "is a question of fact that is determined by considering the totality of the circumstances." *United States v. Childs*, 944 F.2d 491, 495 (9th Cir.1991). We consider the following factors in determining the voluntariness of a consent to search:

(1) whether [the] defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether *Miranda* warnings were given; (4) whether the defendant was told he had the right not to consent; and (5) whether the defendant was told that a search warrant could be obtained.

*United States v. Perez–Lopez*, 348 F.3d 839, 846 (9th Cir.2003) (quoting *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir.2000)). In a case involving a foreign national, the voluntariness inquiry includes the following additional factors:

whether the defendant signed a written waiver; whether the advice of rights was in the defendant's native language;

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the parties are familiar with the facts, we do not recite them here.

whether the defendant appeared to understand those rights; whether the defendant had the assistance of a translator; whether the defendant's rights were explained painstakingly; and whether the defendant had experience with the American criminal justice system.

*United States v. Amano,* 229 F.3d 801, 804–05 (9th Cir.2000). We review de novo a district court's ruling on a motion to suppress. *See United States v. Pang,* 362 F.3d 1187, 1191 (9th Cir.2004) (quotations omitted). A district court's determination as to whether a defendant voluntarily consented to a search is a question of fact which we review for clear error. *Id.*

At the time Valencia–Causor signed the consent form and verbally consented to the search, he was the subject of a traffic stop, had not been formally arrested, and was therefore not in custody. *See Berkemer v. McCarty,* 468 U.S. 420, 439–440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Second, neither State Trooper Ryan Urlacher ("Urlacher") nor the other officers drew guns before or during the request for consent to search. Third, Valencia–Causor signed the consent to search form. Although Valencia–Causor argues that he did not understand the form, the district court did not clearly err in finding voluntariness in light of Valencia–Causor's responses to Urlacher's questions as to whether he could read Spanish and whether he understood the form and the fact that Valencia–Causor read the form for over a minute and displayed no confusion about the meaning of the form. Based on the totality of the circumstances, we conclude that the district court did not clearly err in determining that Valencia–Causor voluntarily consented to the search and denying the motion to suppress. *See United States v. Murillo,* 255 F.3d 1169, 1175 (9th Cir. 2001); *United States v. Morning,* 64 F.3d

531, 533 (9th Cir.1995); *United States v. Perez,* 37 F.3d 510, 515 (9th Cir.1994).

## II.

■ Valencia–Causor challenges the district court's discretionary decision to not depart downward on the theory that he had no control or knowledge over the purity of the methamphetamine. We lack jurisdiction to review a district court's discretionary refusal to depart downward, and we conclude that none of the exceptions to this rule apply in this case. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 365, 160 L.Ed.2d 265 (Oct. 18, 2004).

■ Valencia–Causor also appeals the district court's refusal to reduce his sentence on the grounds that he was a minimal or minor participant within the meaning of U.S.S.G. § 3B1.2. A district court's determination whether a defendant is a minor or minimal participant in a criminal offense is a factual finding which we review for clear error. *Murillo,* 255 F.3d at 1179.

"[A] downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994). Whereas a defendant who acted *solely* as a drug courier may be entitled to a downward adjustment under § 3B1.2, the mere fact that he acted as a courier does not necessarily mean that his role in the scheme was minimal or minor. *Id.* Where "some *additional* factor showing that [defendants] were not minor or minimal participants existed[,]" this court has denied downward adjustments. *Id.* at 1436–37. Moreover, the fact that significant quantities of drugs are involved is sufficient to deny a sentencing reduction on the basis of minor or minimal participation. *Murillo,* 255 F.3d at 1179; *Unit-*

*ed States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir.2001). In light of the facts that Valencia–Causor transported six pounds of a mixture containing methamphetamine and that he purchased a "cutting agent" a few days before the arrest, the district court did not clearly err in determining that he was not a minor or minimal participant under U.S.S.G. § 3B1.2.

### III.

■ Valencia–Causor was sentenced under the then-mandatory Sentencing Guidelines prior to the issuance of *United States v. Booker,* —— U.S. ——, —— —— ——, 125 S.Ct. 738, 756–69, 160 L.Ed.2d 621 (Jan. 12, 2005), but he did not raise a Sixth Amendment objection at the time of sentencing. Although Valencia–Causor's appeal did not raise the issue of potential nonconstitutional *Booker* error, both parties have indicated in supplemental brief-ing that they wish to pursue a limited resentencing remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). Because "defendants are entitled to limited remands in all pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional" we remand this case pursuant to the procedure set forth in *Ameline.* *United States v. Moreno–Hernandez,* 419 F.3d 906, 915 (9th Cir. 2005).

**Conviction AFFIRMED; Sentence REMANDED.**