**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan Ramon HERRERA–RAMOS,**
**Defendant—Appellant.**

No. 04–30180.
D.C. No. CR–03–30039–ALA.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Judith R. Harper, Esq., Office of the U.S. Attorney, Medford, OR, for Plaintiff–Appellee.

Vance M. Waliser, Medford, OR, for Defendant–Appellant.

Before REINHARDT, RYMER and HAWKINS, Circuit Judges.

MEMORANDUM **

Juan Ramon Herrera–Ramos appeals from his sentence imposed following his guilty plea conviction for distribution of 50 or more grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Herrera–Ramos was sentenced before the Supreme Court's decision in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He contends that the district court erred by finding that it lacked discretion to depart downward on the basis of lack of sophistication, excellent employment history and the lack of dependence upon criminal activity for a livelihood. He also contends that the district court failed to make findings as to those matters as required by Fed.R.Crim.P. 32.

The discretionary denial of a downward departure under the pre-*Booker* mandatory Guidelines is unreviewable. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam). The record indicates that the district court recognized that it had discretion to depart, declined to do so and adopted the findings in the presentence report. The district court complied with the substantive requirements of Rule 32, *see United States v. Tam,* 240 F.3d 797, 803–804 (9th Cir.2001), and we lack jurisdiction over its discretionary decision not to depart. Because, however, we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 911 (9th Cir.2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional Booker error).

REMANDED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.