**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joel JIMENEZ–CID, aka Joel Rosendo Jimenez, Defendant—Appellant.**

No. 04–50282.

D.C. No. CR–03–00061–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Elyssa Getreu, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Phillip I. Bronson, Encino, CA, for Defendant–Appellant.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Joel Jimenez–Cid appeals from his 46-month sentence imposed following his guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a) & (b).

Jimenez–Cid contends that the district court erred by failing to depart to depart downward based on extraordinary childhood abuse, reduced mental capacity, cul-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

tural assimilation and overstatement of criminal history. Jimenez–Cid was sentenced before the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

The discretionary denial of a downward departure under the pre-*Booker* mandatory Guidelines is unreviewable. *See United States v. Linn*, 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam). But because we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 915–16 (9th Cir.2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional Booker error).[1]

**REMANDED.**

---

1. On remand the district court should also correct the judgment to exclude the reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000).

