**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Frank Daniel HANKINS, Defendant— Appellant.**

**No. 04–30296.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Sherwood, Esq., Missoula, MT, for Defendant–Appellant.

Joshua A. Van De Wetering, Esq., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Before: GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

## MEMORANDUM **

Frank Daniel Hankins appeals the 240–month sentence imposed following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Hankins contends that the district court erred by failing to apply a downward adjustment for minor role. We conclude that the district court did not clearly err under U.S.S.G. § 3B1.2(b) by refusing to reduce Hankins' sentence for his claimed minor role in the offense. *See United States v. Murillo,* 255 F.3d 1169, 1179 (9th Cir.2001).

■ Hankins also challenges the district court's denial of his request for a downward departure based on an overstated criminal history calculation. Hankins was sentenced before the Supreme Court issued its decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The discretionary denial of a downward departure under the pre-*Booker* mandatory Guidelines is unreviewable. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam).

Finally, Hankins contends, as he did at his sentencing hearing, that this case should be remanded because the district court upwardly adjusted his sentence based on facts neither admitted by him nor found by a jury beyond a reasonable doubt. We disagree. Although it appears that the district court did err under *Booker* by increasing the offense level based on a drug quantities Hankins did not admit, we affirm the sentence because the district court judge's statements at sentencing make it clear that any *Booker* error was harmless. *See United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir.2000) (applying harmless error review to a Sixth Amendment sentence challenge under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.