**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph PAJARDO, Defendant—
Appellant.**

No. 04–10230.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 22, 2005.

Decided Jan. 9, 2006.

Thomas C. Muehleck, AUSA, USH—
Office of the U.S. Attorney, Honolulu, HI,
for Plaintiff—Appellee.

Glenn D. Choy, Esq., Glenn Choy, Esq.,
Honolulu, HI, for Defendant—Appellant.

Before: BRIGHT,* McKEOWN, and
CLIFTON, Circuit Judges.

MEMORANDUM **

Joseph Pajardo pleaded guilty to four
drug-related offenses under 21 U.S.C.
§§ 841, 843 and 846. Pajardo appeals his
sentence on two grounds. First, he claims
that his sentence violated *United States v.
Booker*, 543 U.S. 220, 125 S.Ct. 738, 160
L.Ed.2d 621 (2005), because the facts re-
lated to drug amounts and firearm posses-
sion were not admitted or proven beyond a
reasonable doubt. Pajardo also claims
that the district court erred in denying his

motion for downward departure for coer-
cion.

Pajardo pleaded guilty to three viola-
tions of 21 U.S.C. § 841(a) (defining drug
offenses), involving "more than 50 grams"
of methamphetamine, in violation of 21
U.S.C. § 841(b) (establishing broad penal-
ty categories based upon drug quantities
involved in the offense). In determining
the Sentencing Guidelines range, the dis-
trict court found that approximately 3000
grams were actually involved. Pajardo
contends that his sentence should have
been based only on the 150 gram drug
quantity that he pleaded guilty to possess-
ing, and not the 3000 grams.

We decline Pajardo's request that
we vacate and remand his sentence, but
agree, as the government concedes, that
he is entitled to a limited remand under
*United States v. Ameline*, 409 F.3d 1073
(9th Cir.2005). Even if the district court
erred in calculating drug amount, the error
did not increase the sentencing range be-
yond the statutorily authorized maximum
based on Pajardo's admission that the
crimes involved more than 50 grams of
methamphetamine. Nonetheless, the rec-
ord in this case is insufficient to determine
whether the sentence would have been dif-
ferent had the judge known the Sentenc-
ing Guidelines were advisory. On plain
error review, a limited remand is appropri-
ate. *Id.* at 1084–85.

Pajardo also challenges the district
court's enhancement of his sentence by
two levels, pursuant to U.S.S.G.
§ 2D1.1(b)(1), for possession of a firearm.
The district court erred in applying this
enhancement in a mandatory Guidelines
regime. The record is similarly insuffi-

* The Honorable Myron H. Bright, Senior Unit-
ed States Circuit Judge for the Eighth Circuit,
sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

cient to complete the appropriate prejudice analysis. On plain error review, a limited remand is appropriate. *Id.*

Lastly, Pajardo challenges the district court's decision not to grant him a downward departure for coercion under U.S.S.G. § 5K2.12. The district court recognized that it had the discretion to grant a downward departure for coercion but was not persuaded to do so. The district court's discretionary refusal to grant a downward departure is not reviewable and thus this portion of the appeal must be dismissed. *United States v. Linn*, 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam).

**DISMISSED IN PART; REMANDED IN PART.**