UNITED STATES of America, Plaintiff—Appellee,

v.

**Miguel Angel ZAMUDIO–OROZCO, Defendant—Appellant.**

No. 03–30554.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Pamela J. Byerly, Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Nicholas W. Marchi, Esq., Carney & Marchi, P.S., Seattle, WA, for Defendant—Appellant.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Miguel Angel Zamudio–Orozco appeals his guilty plea conviction and the sentence imposed for alien in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we remand.

Because Zamudio–Orozco was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline'*s limited remand procedure to cases involving non-constitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

We lack jurisdiction to review the district court's discretionary refusal to depart downward pursuant to U.S.S.G. § 5H1.6, and we conclude that none of the exceptions to the rule apply in this case. *United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004); *United States v. Lipman,* 133 F.3d 726, 729 (9th Cir.1998).[1]

REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We deny Zamudio–Orozco's pro se motion to file a supplemental pro se brief, because he is represented by counsel.