**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Salvador CEJA–LOPEZ, Defendant— Appellant.**

**No. 05–10179.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2006.*

Filed Feb. 28, 2006.

Joseph E. Koehler, Esq., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff—Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

James S. Park, Esq., Park Law Office, PLC, Phoenix, AZ, for Defendant—Appellant.

Before: REINHARDT, PAEZ and TALLMAN, Circuit Judges.

## MEMORANDUM [**]

Salvador Ceja–Lopez appeals the fifty-seven month prison sentence imposed pursuant to his plea of guilty to illegal re-entry after deportation under 8 U.S.C. § 1326(a) with a sentencing enhancement under 8 U.S.C. § 1326(b)(2). He argues that the district court (1) failed to resolve a factual dispute regarding findings in the pre-sentence report in violation of Federal Rule of Criminal Procedure 32, (2) erroneously added three criminal history points based upon findings that were supported by a preponderance of the evidence rather than proved beyond a reasonable doubt, and (3) imposed an unreasonable sentence as a result of its failure to consider properly the sentencing factors under 18 U.S.C. § 3553 and to grant him a downward departure for cultural assimilation.

■ Ceja–Lopez did not challenge the accuracy of any factual finding in the pre-sentence report. District courts may rely on undisputed findings in a pre-sentence report; it is only when a defendant raises an objection that a court is required under Federal Rule of Criminal Procedure 32 to resolve the purported dispute. *United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc). Because no factual dispute was raised, the district court was not required to make a finding under Rule 32.

■ The district court applied the correct standard of proof in determining Ceja–Lopez's criminal history category. District courts are required to apply a preponderance of the evidence standard to Sentencing Guidelines factual issues, including criminal history points. *See id.* (directing district courts to apply standards of proof consistent with *United States v. Howard,* 894 F.2d 1085, 1090 (9th Cir.1990), which held, "the party bearing the burden of proof will be required to meet a 'preponderance of the evidence' standard" on Guidelines issues).

■ The district court properly considered the sentencing factors under 18 U.S.C. § 3553, including Ceja–Lopez's criminal history and the nature of his crime, in sentencing him to the minimum prison term advised by the Guidelines. Further, we do not have jurisdiction to review the district judge's decision not to grant Ceja–Lopez a downward departure for cultural assimilation. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004). Under the applicable sentencing statutes, Ceja–Lopez's sentence is not unreasonable.

Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.