**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Basho ELLIOT, aka Bosch Elliot,
Defendant—Appellant.**

No. 07–10328.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Jan. 5, 2009.

Beverly Wee Sameshima, Assistant U.S., USH–Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Joseph T. Vodnoy, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Basho Elliot appeals his conviction and sentence for (1) conspiracy to distribute and (2) attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Even assuming the district court erred in ruling that the defense expert could be impeached with Elliot's "un-Mirandized" statements, in violation of *James v. Illinois,* 493 U.S. 307, 110 S.Ct. 648, 107 L.Ed.2d 676 (1990), any error was harmless beyond a reasonable doubt. The evidentiary ruling did not prevent Elliot from presenting his defense theory to the jury

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

through other testimony and in closing argument. Additionally, the evidence of Elliot's guilt was overwhelming.

■ Elliot also failed to show witness intimidation or other government misconduct. Therefore, the district court did not err in denying Elliot's motion to dismiss the indictment. The district court did not clearly err in finding that neither the prosecutor nor the judge "employ[ing] coercive or intimidating language or tactics that substantially interfere[d] with [the] defense witness[es'] decision whether to testify." *United States v. Vavages,* 151 F.3d 1185, 1189–90 (9th Cir.1998). The two defense witnesses asserted Fifth Amendment privilege on the advice of independent counsel. On the facts here, the summoning of a potential witness before the grand jury and the appointment of independent counsel to protect the witness's constitutional rights do not amount to witness intimidation.

On the issue of double jeopardy, this court's prior opinion is the law of the case. *United States v. Elliot,* 463 F.3d 858, 863–68 (9th Cir.), *as amended, cert. denied,* 549 U.S. 1021, 127 S.Ct. 568, 166 L.Ed.2d 412 (2006). We find no circumstances that would allow us to revise our well-reasoned opinion. *See Old Person v. Brown,* 312 F.3d 1036, 1039 (9th Cir.2002).

■ It is not impermissible double counting to consider Elliot's obstruction of justice conduct both in imposing a sentencing enhancement and as a basis for denying a discretionary downward departure under the Sentencing Guidelines. "Impermissible double counting 'occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines.'" *United States v. Speelman,* 431 F.3d 1226, 1233 (9th Cir.2005) (citation omitted). Double-counting usually occurs where an act is used twice to increase a defendant's sentence, not where, as here, one of the alleged double-countings is a failure to grant a discretionary downward departure. We have no jurisdiction to review a discretionary denial of a downward departure in any event. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004). Thus, we cannot conclude that there was impermissible double-counting in this case.

■ Finally, the district court did not abuse its discretion in sentencing Elliot to ninety-seven months imprisonment. The sentence falls at the low end of the Guidelines range, and is reasonable in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Carty,* 520 F.3d 984, 995–96 (9th Cir.2008) (en banc). Additionally, the disparity between Elliot's sentence and that of his codefendant is reasonable considering Elliot's obstruction of justice enhancement and the co-defendant's cooperation, acceptance of responsibility, and qualification for the safety-valve provision.

**AFFIRMED.**