**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JEFFREY GORDON SPEELMAN,
            *Defendant-Appellant.*

No. 04-30067

D.C. No.
CR-02-00130-RFC

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JEFFREY GORDON SPEELMAN,
            *Defendant-Appellant.*

No. 04-30069

D.C. No.
CR-03-00068-RFC

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JEFFREY GORDON SPEELMAN,
            *Defendant-Appellant.*

No. 04-30068

D.C. No.
CR-02-00142-RFC

OPINION

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted
September 13, 2005—Seattle, Washington

Filed December 16, 2005

16415

Before: Mary M. Schroeder, Chief Judge, Arthur L. Alarcón and Andrew J. Kleinfeld, Circuit Judges.

Opinion by Judge Alarcón

**COUNSEL**

Brad L. Arndorfer, Billings, Montana, for the defendant-appellant.

Marcia Hurd, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

## OPINION

ALARCÓN, Circuit Judge:

Jeffrey Speelman ("Mr. Speelman") appeals from the district court's sentencing decision. He contends that the district court erred in enhancing his sentence based on criminal conduct alleged in a charge dismissed pursuant to his plea bargain. He also maintains that the district court violated the Double Jeopardy Clause by applying an upward adjustment based on the age of the victim. The Government maintains that we cannot consider the merits of Mr. Speelman's contentions because he waived his right to file a direct appeal in his plea agreement.

We reject the Government's contention that Mr. Speelman expressly waived his right to file a direct appeal. We affirm the district court's sentencing decision, however, because we conclude that the district court did not err in its interpretation of the Sentencing Guidelines. We remand in accordance with this court's decision in *United States v. Ameline*, 409 F.3d 1023 (9th Cir. 2005) (en banc) because the court imposed its sentence before the Supreme Court instructed that the Sentencing Guidelines were not mandatory.

## I

Mr. Speelman was indicted on November 21, 2002. He was charged with the Sexual Exploitation of Children, a Class A felony, in violation of 18 U.S.C. § 2251 (Count I); Receipt of Child Pornography, a Class C felony, in violation of 18 U.S.C. § 2252(A)(2) (Count II); Possession of Child Pornography, a Class D felony, in violation of 18 U.S.C. § 2252 (a)(5)(B) (Count III); Forfeiture pursuant to 18 U.S.C. § 2253.

On December 20, 2002, he was indicted and charged in two counts with the crime of Aggravated Sexual Abuse of a Minor who had not attained the age of twelve years, a Class A felony, in violation of 18 U.S.C. §§ 1153 and 2241(c). Mr. Speelman was again indicted on May 23, 2005 with Abusive Sexual Contact, a Class C felony, in violation of 18 U.S.C. § 2241(c).

Mr. Speelman entered into a plea agreement on August 25, 2003. He agreed to enter a plea to Count II (receipt of child pornography) and Count III (possession of child pornography) of the November 21, 2002 indictment, Count II of the December 20, 2002 indictment (aggravated sexual abuse of a minor), and Count II of the May 23, 2003 indictment (abusive sexual contact). He also agreed to forward any assets in his possession and control subject to forfeiture. In exchange for these guilty pleas, the United States Attorney for the District of Montana agreed to dismiss the remaining counts in the indictments.

Mr. Speelman stipulated in the plea agreement that he "knowingly, expressly and voluntarily waives the right to contest either the conviction or the sentence or the application of the sentencing guidelines in any post-conviction proceeding including any proceeding under 28 U.S.C. § 2255." Mr. Speelman changed his plea to guilty pursuant to the terms of the plea agreement on September 9, 2003.

The United States Probation Office prepared a presentence investigation report ("PSR"). It recommended a guideline range of 262 to 327 months. Mr. Speelman objected on two grounds. He asserted that the PSR erroneously cross-referenced a Class D felony to a Class A felony that had been dismissed. He also argued "that it would violate the Double Jeopardy Clause to place the offense of aggravated Sexual Abuse of a minor in the aggravated guidelines and again increase the punishment because of the age of the child." Defendant/Appellant Opening Br. at 5.

The district court overruled each of Mr. Speelman's objections to the PSR and sentenced him to serve 262 months in prison. Mr. Speelman filed a timely notice of appeal from the district court's sentencing decision pursuant to 18 U.S.C. § 3742(a).

## II

The Government contends that we do not have the jurisdiction to consider the merits of Mr. Speelman's direct appeal because in his plea agreement he waived his right to contest his sentence in any postconviction proceeding.

[1] We review de novo whether a defendant has waived his or her right to appeal. *United States v. Portillo-Cano*, 192 F.3d 1246, 1249 (9th Cir. 1999). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005).

[2] Our interpretation of the terms of the plea agreement are controlled by the principles of contract law. *See, e.g., United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir. 1997) ("Plea bargains are contractual in nature and subject to contract-law standards."). We therefore will "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Jeronimo*, 398 F.3d at 1153. "As with other contracts," however, "provisions of plea agreements are occasionally ambiguous; the government ordinarily must bear responsibility for any lack of clarity." *United States v. De la Fuente*, 8 F.3d 1333, 1338 (9th Cir. 1993) (quotation marks omitted).

Under standard principles of contract interpretation, Mr. Speelman did not waive his right to directly appeal his sentence in the plea agreement. Under federal law, a defendant

can seek correction of an allegedly illegal sentence by means of three discrete procedures. Pursuant to Rule 35 of the Federal Rules of Criminal Procedure, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." A defendant may file a direct appeal "for review of an otherwise final sentence." 18 U.S.C. § 3742.[1] A defendant convicted in federal court may also collaterally attack a sentence pursuant to 28 U.S.C. § 2255 by filing a motion before the court that imposed the sentence to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or the law of the United States.[2] "An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus." 28 U.S.C. § 2255.

Mr. Speelman did not file a motion pursuant to Rule 35, nor has he collaterally attacked the sentence by filing a motion in the district court pursuant to § 2255. Instead, he has relied on the direct appeal provisions of 18 U.S.C. § 3742.

---

[1]Section 3742 provides as follows in pertinent part:

A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range. . . .

[2]Section 2255 provides in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**[3]** The Government has failed to cite any authority to support its argument that "[t]he appeal waiver provision in this case prohibits Speelman from any appellate action whether it be by direct appeal or by collateral attack." Appellee's September 1, 2005 Letter Br. at 1. We note at the outset of our discussion that the waiver provision makes no reference to a "direct appeal" from the court's judgment or sentence. During oral argument, counsel for the Government forthrightly conceded that the waiver provision, by failing to refer to a direct appeal, in addition to a contest of the judgment or sentence in any postconviction proceeding, was "not as artfully worded as it could be and believe me it certainly will be more artfully worded in the future."

**[4]** The mischief in the language used in its plea agreement by the United States Attorney for the District of Montana is the ambiguous reference to the waiver of "the right to contest . . . the sentence . . . in any *post-conviction proceeding* . . . ." (emphasis added). It is unclear whether the Government intended that the waiver language apply to the right to file a direct appeal from the sentence pursuant to 18 U.S.C. § 3742, the right to file a motion in the district court for a correction of sentence pursuant to Rule 35, or the right to file a writ of habeas corpus in this court from the district court's denial of a motion to vacate, set aside, or correct a sentence pursuant to § 2255.

**[5]** In common legal usage, the term "postconviction proceeding" refers to a collateral challenge to a judgment or sentence, as opposed to a direct appeal. For example, in *Clay v. United States*, 537 U.S. 522 (2003), the Supreme Court held that "[a] motion by a federal prisoner for *postconviction relief* under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which *the judgment of conviction* becomes final." *Id.* at 524 (emphasis added). In *Daniels v. United States*, 532 U.S. 374 (2001), the Court stated that a state court prisoner can challenge the constitutionality of his conviction "on direct appeal, in *postconviction*

*proceedings* available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V)." *Id.* at 381 (emphasis added).

**[6]** Counsel for the Government also advised this court that the waiver language contained in the plea agreements drafted by the United States Attorney's Office for the District of Montana is not the same as that employed by its counterparts in the rest of the United States. In other districts, the plea agreements require the defendant to waive both his or her right to appeal the merits of the judgment and sentence, and to contest the judgment and sentence in any postconviction proceeding. *See e.g., United States v. Lockwood*, 416 F.3d 604, 605 n.1 (7th Cir. 2005) (defendant agreed "not to contest my conviction, sentence, or the manner in which my conviction and sentence was determined on any ground in any appeal . . . or in any post-conviction proceeding"). The plea agreement in this matter did not state with sufficient clarity that by waiving his right to contest his sentence in postconviction proceedings, he was also giving up his right to file a direct appeal. *See De La Fuente*, 8 F.3d at 1337 ("In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty.") (citation omitted). Since ambiguities in plea agreements are construed against the Government, *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002), we conclude that Mr. Speelman did not knowingly and voluntarily waive his right to file a direct appeal from the sentence imposed by the district court.

## III

### A

Mr. Speelman argues that the district court erred in applying the § 2G2.2(c)(1) cross-reference on the basis of dismissed conduct.[3] This court reviews the district court's

---

[3]Section 2G2.2(c)(1) provides:

If the offense involved causing, transporting, permitting, or offer-

application of the Sentencing Guidelines *de novo. United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004). Mr. Speelman's argument is foreclosed by this Court's decision in *United States v. Wright,* 373 F.3d 935 (9th Cir. 2004).

[7] The Sentencing Guidelines make clear that a cross-reference may be applied on the basis of relevant conduct alleged on charges dismissed pursuant to a plea agreement. "Under U.S.S.G. § 1B1.3(a), cross-references 'shall' be determined on the basis of relevant conduct." *Wright*, 373 F.3d at 945. Relevant conduct includes all acts and omissions committed or willfully caused by the defendant "that occurred during the commission of the offense of conviction, in preparation for the offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a).[4] Moreover, § 6B1.2(a) provides that "a plea

---

ing or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production), if the resulting offense level is greater than that determined above.

[4]Section 1B1.3(a) provides:

Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken crimi-

agreement that includes the dismissal of a charge or a plea agreement not to pursue a potential charge shall not preclude the conduct underlying such charge from being considered under the provisions of § 1B1.3 (Relevant Conduct) in connection with the count(s) of which the defendant is convicted." The district court did not err in applying the cross-reference set forth in § 2G2.2(c)(1).

## B

Mr. Speelman also contends that the district court erred in applying the cross-reference on the basis of conduct over which the district court lacked jurisdiction. Mr. Speelman asserts that the United States lacked jurisdiction to prosecute him for his production of the illicit photographs due to this court's decision in *United States v. McCoy*, 323 F.3d 1114 (9th Cir. 2003). In *McCoy*, we held that 18 U.S.C. § 2252(a) was unconstitutional as applied to the simple intrastate possession of child pornography. *Id.* at 1115. Mr. Speelman's reliance on *McCoy* is misplaced.

[8] A district court may base a § 2G2.2(c)(1) cross-reference on the basis of conduct over which the federal gov-

---

nal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

(3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and

(4) any other information specified in the applicable guideline.

ernment would lack jurisdiction to prosecute. *See United States v. Dawn*, 129 F3d 878, 881 (7th Cir. 1997) ("whether or not section 2251(a) criminalizes the pornography-related exploitation of minors in foreign countries by American citizens is ultimately immaterial."). Like the defendant in *Dawn*, Mr. Speelman complains that the district court improperly applied a § 2G2.2(c)(1) cross-reference on the basis of conduct that is beyond the jurisdictional reach of 18 U.S.C. § 2251(a). As in *Dawn*, the "fatal flaw" in Mr. Speelman's argument is his assumption "that because he was sentenced as if he were convicted for producing the pornography, he was sentenced in fact for producing child pornography." 129 F.3d at 883.

**[9]** It is irrelevant whether the district court applied the § 2G2.2(c)(1) cross-reference on the basis of conduct for which the federal government could not prosecute him. *Id.* at 884-85. *Cf. United States v. Williams*, 217 F.3d 751, 754 (9th Cir. 2000) (holding that "a district court may consider as relevant conduct for sentencing purposes actions which may be barred from prosecution by the applicable statute of limitations"); *United States v. Carroll*, 3 F.3d 98, 102 (4th Cir. 1993) (holding that a district court could apply § 2K2.1(c)(2) cross-reference to conduct punishable only under state law, reasoning that "[i]n applying the cross-reference as directed by the guidelines, a sentencing court does not punish a defendant for a state offense over which a federal court has no jurisdiction"); *United States v. Newbert*, 952 F.2d 281, 284 (9th Cir. 1991) (holding that "non-federal conduct can fall within the jurisdiction of § 1B1.3(a)(2) of the federal guidelines").

## C

Mr. Speelman further contends that the § 2G2.2(c)(1) cross-reference applied by the district court exceeded the five-year maximum term of imprisonment for possession of child pornography. Mr. Speelman was sentenced to five years on

the possession of child pornography count. Accordingly, the district court did not err in applying the § 2G.2(c)(1) cross-reference in this case.

**D**

Mr. Speelman objects to the application of a sentencing enhancement pursuant to § 2A3.1(b)(2)(A). He contends the district court violated his rights under the Double Jeopardy Clause by applying the enhancement. He asserts that the district court's application of the § 2A3.1(b)(2)(A)[5] constituted impermissible double-counting. Mr. Speelman pled guilty to one count of aggravated sexual abuse of a child under the age of twelve in violation of 18 U.S.C. § 2241(c). The district court applied a four-level upward enhancement to this count because Mr. Speelman's victim was not yet twelve years old at the time of the offense. *See* U.S.S.G. § 2A3.1(b)(2)(A) (providing for this enhancement). Mr. Speelman maintains the victim's age was already accounted for in the underlying count of conviction.

**[10]** Impermissible double counting "occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993).

> Thus, the use of a single aspect of conduct both to determine the applicable offense guideline and to increase the base offense level mandated thereby will constitute impermissible double counting only where, absent such conduct, it is impossible to come within that guideline. If, on the other hand, it is possible to be sentenced under a particular offense guideline without having engaged in a certain sort of

---

[5]Section 2A3.1(b)(2)(A) provides: "If the victim had not attained the age of twelve years, increase by 4 levels."

> behavior, such behavior may be used to enhance the offense level, for in this situation, the guideline's base offense level will not necessarily have been set to capture the full extent of the wrongfulness of such behavior.

*Id.* Accordingly, we must decide whether the defendant could have been sentenced pursuant to U.S.S.G. § 2A3.1 for a conviction under 18 U.S.C. § 2241 without having committed sexual abuse of a child under the age of twelve. *See id.*

**[11]** Section 2A3.1 applies to both aggravated sexual assault in violation of 18 U.S.C. § 2241 and simple sexual assault in violation of 18 U.S.C. § 2242. *See* U.S.S.G. § 2A3.1 commentary. It is not an element of § 2242 that the victim be under the age of twelve. Further, a conviction for aggravated sexual abuse under 18 U.S.C. § 2241(a) and (b) does not require a showing that the victim was under the age of twelve. Accordingly, it is possible to be sentenced under § 2A3.1 without having victimized a child under the age of twelve. *See United States v. Wimberly*, 60 F.3d 281, 288 (7th Cir. 1995) (holding that "the enhancement for victims under 12 years of age, § 2A3.1(b)(2), does not constitute impermissible double counting"); *United States v. Balfany*, 965 F.2d 575, 584 (8th Cir. 1992) (same); *United States v. Ransom*, 942 F.2d 775, 778-79 (10th Cir. 1991) (same). The district court did not engage in impermissible double counting when it applied a four-level enhancement to Mr. Speelman's sentence for aggravated sexual abuse.

**E**

**[12]** It is unclear from this record whether the district court would have imposed a different sentence if it had known that the application of the Sentencing Guidelines was not mandatory. While the district court expressed repugnance with Mr. Speelman's conduct, stating that he hoped never to "read about this kind of conduct by somebody against young girls

again in my tenure on the bench," the court also sentenced Mr. Speelman to the low end of the Sentencing Guidelines range. We conclude that the district court properly interpreted the Sentencing Guidelines. We remand, however, in accordance with *Ameline*.[6]

**AFFIRMED IN PART; REMANDED IN PART.**

---

[6]To the extent Mr. Speelman argues his waiver should be disregarded because of the intervening change of law occasioned by *United States v. Booker*, 125 S. Ct. 738 (2004), his argument is foreclosed by *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005) (rejecting a defendant's argument that his waiver of his right to appeal was involuntary and unknowing because it preceded *Booker*).