### UNITED STATES of America, Plaintiff—Appellee,

v.

### Dante LANDRY, Defendant—Appellant.

#### No. 03–30080.

United States Court of Appeals, Ninth Circuit.

Submission deferred Sept. 14, 2004.*

Decided May 22, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

James E. Seykora, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

Rena M. Johnson, U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, Natasha Prinzing Jones, Esq., Missoula, MT, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, BROWNING and TASHIMA, Circuit Judges.

### MEMORANDUM **

■ Dante Landry was convicted, on a plea of guilty, of drug trafficking in violation of 21 U.S.C. § 841(b)(1). He now appeals the judgment and sentence of imprisonment for a 330–month term. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction, but remand the sentence pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

Landry's principal claim is that he received ineffective assistance of counsel in the plea bargaining stage, rendering the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

plea agreement upon which his conviction and sentence rest involuntary and unknowing. We have repeatedly held that claims of ineffective assistance of counsel are properly raised in habeas corpus proceedings rather than on direct appeal. *See, e.g., United States v. Reyes–Platero,* 224 F.3d 1112, 1113, *amending on denial of rehearing* 218 F.3d 1001 (9th Cir.2000); *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991); *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984). Such claims may be reviewed on direct appeal only when "the record on appeal is sufficiently developed to permit review and determination of the issue" or "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992). Neither is the case here. Indeed, the record contains scant evidence regarding the extent of attorney Jeff Michael's investigation into the government's case against Landry or the timing and nature of his representation of co-defendant Kenneth Ketcham. Accordingly, Landry must pursue his ineffective assistance of counsel claim via a collateral attack on the plea under 28 U.S.C. § 2255.[1] We thus affirm the judgment of conviction.

■ Landry also contends that his sentence violates his Sixth Amendment rights as construed by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The government agrees that Landry was sentenced in violation of *Booker* because he was sentenced under a mandatory guidelines regime. The government argues, however, that Landry waived his right to appeal the sentence on *Booker* grounds.

Landry's plea agreement contains a waiver of "the right to contest either the conviction or the sentence or the application of sentencing guidelines in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255." The government's argument, however, is foreclosed by *United States v. Speelman,* 431 F.3d 1226 (9th Cir.2005), which involved an identically-worded waiver provision prepared by the same U.S. Attorney's office. There, because the waiver provision made no reference to a "direct appeal," *id.* at 1230, we held that the defendant "did not knowingly and voluntarily waive his right to file a direct appeal from the sentence imposed by the district court," *id.* at 1231. We therefore hold, under the controlling authority of *Speelman,* that Landry did not waive his right to take a direct appeal.

As indicated above, Landry was sentenced under the pre-*Booker* regime. Because "it cannot be determined from the record whether the judge would have imposed a materially different sentence had he known that the Guidelines are advisory rather than mandatory," *Ameline,* 409 F.3d at 1083, we remand the sentence to the district court for it to make that determination, *id.* at 1084–85, and to conduct any resentencing proceedings it deems necessary.

**AFFIRMED; sentence REMANDED.**

---

1. Needless to say, our declination to review this claim is without prejudice to Landry's pursuit of his ineffective assistance of counsel claim in a § 2255 proceeding. Moreover, the plea agreement's waiver provision excludes "any claim of ineffective assistance of counsel."