**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Josephine ESPINOZA, Defendant—
Appellant.**

No. 05–30577.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2006.[*]

Filed Sept. 14, 2006.

James E. Seykora, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jay F. Lansing, Esq., Moses Law Firm, Billings, MT, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM[**]

Josephine Espinoza appeals the district court's denial of her motion to compel specific performance of her plea agreement. We have jurisdiction pursuant to 18 U.S.C. § 3742 and affirm.

The government argues that Espinoza waived her right to appeal. However, the "post-conviction proceeding" waiver language in the plea agreement is too ambiguous to encompass this appeal. *See Unit-*

ed States v. Speelman, 431 F.3d 1226, 1230–31 (9th Cir.2005).

The government did not breach the plea agreement. The unambiguous plea agreement did not require that the government file a substantial assistance motion. *United States v. Schuman,* 127 F.3d 815, 818 (9th Cir.1997). Moreover, Espinoza failed to make a "substantial threshold showing" as required by *Wade v. United States,* 504 U.S. 181, 185–87, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), that the government acted with an unconstitutional motive, arbitrarily or in bad faith. The government's reason for not recommending departure, Espinoza's failure to provide critical testimony at trial, is related to a legitimate government end. *Id.; United States v. Burrows,* 36 F.3d 875, 884 (9th Cir.1994).

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.