**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KEVIN DION SMITH,

      Defendant-Appellant.

No. 06-1489
D.C. No. 95-cv-00271-DBS
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

    In 1995, Kevin Dion Smith pled guilty to various federal charges arising

from his participation in a conspiracy to distribute drugs through ".357 Crips"

gang members, a conspiracy in which Mr. Smith admitted he personally sold in

excess of 5 kilograms of crack cocaine. As part of his plea agreement with the

government, Mr. Smith agreed, among other things, to enter an unconditional plea

to a separate state first-degree murder charge; that his state sentence would run

concurrently to his federal sentence; that he would stipulate to a "career offender"

---

    [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

criminal history designation; and that, should the court determine that any sentences less than life imprisonment without parole to be appropriate, either party, he or the government, could withdraw from the plea agreement. In late 1995, Mr. Smith was indeed sentenced to life imprisonment.

A little over 10 years later, on July 17, 2006, Mr. Smith filed a "motion to correct sentence and a petition for writ of mandamus." In this pleading, Mr. Smith, proceeding *pro se*, argued that his sentence of life imprisonment was unlawful, extracted by means of fraud, and violative of *United States v. Booker*, 543 U.S. 220 (2005). The district court rejected Mr. Smith's argument on the merits, noting that he signed his plea agreement "three separate times in three different versions," and that the agreement "contains multiple admissions that would make the sentence imposed appropriate. That is true of each version. Furthermore, with his signature, Defendant agreed that a sentence of life imprisonment was appropriate under these circumstances." D. Ct. Order of Oct. 23, 2006, at 2.

Before reaching the merits of this or any appeal, we must of course assure ourselves that we have jurisdiction to hear it. *United States v. Blackwell*, 81 F.3d 945*,* 947 (10th Cir. 1996) ("We review de novo the district court's legal determination that it possessed jurisdiction to modify Defendant's sentence."); *see also* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3903, p. 135 (1992) ("The rule is well established that if a district court lacked

subject matter jurisdiction, the court of appeals is obliged to notice the lack . . .

and lacks jurisdiction to consider the merits of the case."). In *Blackwell*, we

noted that Congress, in 18 U.S.C. § 3582, authorized district courts to modify

sentences such as Mr. Smith's only in limited circumstances, specifically:

> (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

*Blackwell*, 81 F.3d at 947-48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B),

(c)(2)).

Because the Bureau of Prisons is not involved in this matter and the

applicable sentencing range has not been lowered, the first and third options are

unavailable and, to invoke federal jurisdiction, Mr. Smith must proceed under a

specific statute or Rule 35. Toward this end, and construing his *pro se* filings as

liberally as possible, *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200

(2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), there are three

possible avenues Mr. Smith might employ to bring his motion – Federal Rule of

Criminal Procedure 35, 18 U.S.C. § 3742, or 28 U.S.C. § 2255. *See United*

*States v. Speelman*, 431 F.3d 1226, 1229-30 (9th Cir. 2005) ("Under federal law,

a defendant can seek correction of an allegedly illegal sentence by means of three

discrete procedures. Pursuant to Rule 35 of the Federal Rules of Criminal

Procedure, . . .18 U.S.C. § 3742[, or a] defendant convicted in federal court may also collaterally attack a sentence pursuant to 28 U.S.C. § 2255 . . . ." (footnote omitted)); *see also United States v. Lussier*, 104 F.3d 32, 37 (2d Cir. 1997). We find none availing.

First, Rule 35 is inapplicable because it allows for the correction of a sentence only within 7 days. In his filings, Mr. Smith responds that he wishes to rely on a prior version of Rule 35 which "permit[ted] correction at any time of an illegal sentence." *Hill v. United States*, 368 U.S. 424, 430 (1962). But Rule 35 was amended in 1984 by Pub. L. 98-473, such that the language Mr. Smith cites has no bearing on offenses committed (as here) after November 1, 1987. *See* Fed. R. Crim. P. 35 note.

Second, Section 3742 of 18 U.S.C. provides that "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed in violation of law"; however, as in all cases, "'[a] timely notice of appeal is both mandatory and jurisdictional,'" *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1166 (10th Cir. 2006) (quoting *United States v. Espinosa-Talamantes*, 319 F.3d 1245 (10th Cir. 2003)); *Bowles v. Russell*, 551 U.S. ___, 127 S. Ct. 2360, 2363 (2007) ("This Court has long held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." (internal quotation omitted)), and the period in which a notice of appeal could have been

timely filed in this matter expired years ago, *id.* (noting that "Fed. R. App. P. 4(b)(1)(A) . . . requires a [criminal] defendant to file the notice [of appeal] within 10 days after entry of the judgment or order being appealed.").

Finally, much the same problem attends an effort to seek relief under 28 U.S.C. § 2255, as its one-year statute of limitations has long since run.[1]

Finding ourselves without jurisdiction to address the merits of Mr. Smith's claims, we reverse the district court's decision on the merits and remand this case for dismissal for lack of jurisdiction. We deny, as did the district court, Mr. Smith's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge

---

[1] Neither can Mr. Smith's statute of limitations period begin with the date of the decision in *Booker*, *see* 28 U.S.C. § 2255 ("The limitation period shall run from the latest of . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"), because "*Booker* does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005." *United States v. Bellamy*, 411 F.3d 1182, 1184 (10th Cir. 2005).