**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10137 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-232-RCJ-RJJ |
| v. | MEMORANDUM[*] |
| MIGUEL ARANO-MELCHI, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted May 13, 2011[**]
San Francisco, California

Before: O'SCANNLAIN and GOULD, Circuit Judges, and ST. EVE, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

Miguel Arano-Melchi pled guilty to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. He subsequently substituted counsel and moved to withdraw his guilty plea on the ground that he had not fully understood the rights he was giving up in signing the plea agreement. The district court denied Arano-Melchi's motion and sentenced him to a term of 50 months of imprisonment. Arano-Melchi appeals the district court's ruling on his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We first address the government's contention that Arano-Melchi waived his right to appeal when he entered into his guilty plea. We review de novo whether a criminal defendant has waived his statutory right to appeal. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). "[A] defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011) (quoting *United States v. Charles*, 581 F.3d 927, 931 (9th Cir. 2009) (internal quotation marks omitted)). Our interpretation of the terms of a plea agreement is controlled by the principles of contract law. *Id*. We will therefore "generally enforce the plain language of a plea agreement if it is clear and unambiguous on its

2

face," construing all ambiguities against the government. *United States v. Speelman*, 431 F.3d 1226, 1231 (9th Cir. 2005) (citing *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002)).

Arano-Melchi's plea agreement provides as follows:

> In exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and expressly waives the right to appeal any sentence that is imposed within the applicable Sentencing Guideline range as determined by the parties, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code § 3742, and defendant also waives all collateral challenges, including any claims under Title 28 U.S.C. § 2255, to his conviction, sentence, and the procedure which the court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The plea agreement is silent on Arano-Melchi's right to challenge his conviction on direct appeal. Because we do not interpret "collateral challenge" to include a direct appeal, *see Speelman*, 431 F.3d at 1230, the plea agreement's waiver provision does not bar Arano-Melchi's present appeal. We thus proceed to consider its merit.

Arano-Melchi contends that new circumstances—his perception that the district court concealed reservations about giving criminal defendants credit for time served—present a fair and just reason to grant his motion to withdraw his guilty plea. Because Arano-Melchi did not raise this argument before the district court, we review his claim for plain error. *See United States v. Davenport*, 519

3

F.3d 940, 943 (9th Cir. 2008).  Under the plain error standard of *United States v.*

*Olano*, 507 U.S. 725, 730-36 (1993), we must affirm the district court's ruling

unless: (1) there has been an error in the proceedings below; (2) the error was

plain; (3) it affected substantial rights; and (4) it seriously affected the fairness,

integrity, or public reputation of judicial proceedings.  *Id*. at 733.

The district court conducted a thorough colloquy pursuant to Federal Rule of

Criminal Procedure 11 before accepting Arano-Melchi's guilty plea.[1]  Prior to

sentencing, Arano-Melchi substituted counsel and moved to withdraw his guilty

plea on the ground that he had not understood his rights when he signed the plea

agreement.  Specifically, Arano-Melchi stated for the first time that his previous

lawyer had not explained his right to request credit for the full twenty-two months

---

[1]  During that colloquy, the government recited the terms of the plea
agreement, including the parties' agreement not to seek any variance or departures
from the Sentencing Guidelines, and the parties' joint request that the district court
grant Arano-Melchi eleven months credit for time he had served in custody while
under an immigration detainer.  The government specifically noted that, in
agreeing to that compromise, Arano-Melchi was "los[ing] out" on the ability to ask
the district court to give him credit for the full amount – twenty-two months – of
time he had served while under the immigration detainer.  At the conclusion of the
colloquy, Arano-Melchi confirmed that he understood the terms of the plea
agreement, that he had discussed the agreement with his attorney, that his attorney
had explained the advisory nature of the Sentencing Guidelines to him, and that he
understood that the district court would retain full discretion in determining the
appropriate sentence to impose.  At the conclusion of the Rule 11 colloquy, the
district court determined that Arano-Melchi's guilty plea was knowing and
voluntary.

4

he had served under an immigration detainer, or his right to request a downward departure from the Sentencing Guidelines, and that he had thus unknowingly given up those rights in signing the plea agreement. Arano-Melchi "bore the burden of demonstrating a 'fair and just reason' for his request." *United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010) (quoting Fed. R. Crim. P. 11(d)(2)(B)).

Before ruling on Arano-Melchi's motion to withdraw his guilty plea, the district court conducted a hearing on the motion and heard testimony from his first lawyer. She testified that she had fully discussed Arano-Melchi's options with him during their negotiation with the government, and that she had explained to Arano-Melchi that he could request full credit for time served, but that it was unlikely that the district court would grant that request given his criminal history. She stated that during that discussion, she had informed Arano-Melchi that regardless of the parties' request, the district court would exercise full discretion in determining whether and to what extent to grant him credit for time served. She also testified that she had explained to Arano-Melchi what he was giving up by agreeing not to seek a downward departure from the advisory Sentencing Guidelines. Arano-Melchi did not testify at the motion hearing, and presented no evidence to the contrary. Based on the district court's consideration of these facts, we find that it

5

did not commit plain error in denying Arano-Melchi's motion to withdraw his guilty plea. The judgment of the district court is therefore

**AFFIRMED.**