**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10644 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00099-DAE-2 |
| v. | |
| ERIK GLENN LEDFORD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted June 12, 2014
Honolulu, Hawaii

Before: W. FLETCHER, IKUTA, and HURWITZ, Circuit Judges.

Erik Ledford, convicted of wire fraud under 18 U.S.C. § 1343, appeals his

sentence and the district court's restitution order. We have jurisdiction pursuant to

18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court did not err in relying on the spreadsheet prepared by the government to conclude that the fraud loss attributable to Ledford exceeded $200,000. *See United States v. Ali*, 620 F.3d 1062, 1073 (9th Cir. 2010). The spreadsheet had "sufficient indicia of reliability," *id.*, because it was based on admissions by other members of the scheme, phone records showing the use of scheme members' phones in conjunction with fraudulent transactions, and other corroborating evidence. The declarations by certain merchants that they had no record of the losses at issue did not undercut the reliability of the spreadsheet, given the district court's finding that many of the merchants were small businesses with unsophisticated record keeping and the evidence in the record that some of the fraudulent transactions resulted in a loss to a victim other than the merchant involved. Nor did the discrepancy between Jennifer Titherington's stipulation and her testimony at Ledford's hearing regarding the transactions in which she was involved undercut the reliability of the spreadsheet. The district court did not clearly err in crediting Titherington's testimony that she participated in the additional transactions listed on the spreadsheet, and the court did not include in its loss calculation transactions that were corroborated only through Titherington's testimony. Because the district court's loss calculation was supported by clear and convincing evidence, the court did not err by imposing the 12-level enhancement

2

pursuant to U.S.S.G. § 2B1.1(b)(1). We therefore need not decide whether the district court could have applied the preponderance of the evidence standard. *Cf. Ali*, 620 F.3d at 1073.

Ledford's remaining challenges to the district court's restitution determination and application of a 4-level enhancement under U.S.S.G. § 2B1.1(b)(2) are barred by the appellate waiver in his plea agreement. *Cf. United States v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005). On its face, the waiver does not permit an appeal from the district court's rulings on restitution or the § 2B1.1(b)(2) enhancement. Contrary to Ledford's argument, in the context of a scheme such as the one at issue here, the amount of fraud loss is independent of the number of victims, and therefore the waiver is not ambiguous.

**AFFIRMED in part, and DISMISSED in part.**