**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10271 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-01709-GMS-9 |
| v. | |
| ROBERT TORRES LUONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 22, 2016[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and RAKOFF,[***] Senior
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     This panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

Defendant-Appellant Robert Torres Luong appeals from a sentence of ninety-seven months' imprisonment, followed by three years' supervised release, imposed by the district court after Luong pleaded guilty to conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. We dismiss.

In his written plea agreement, Luong waived his right to appeal his sentence. Luong claims that the waiver is inapplicable, and that the district court erred in not offering him an opportunity to withdraw his plea, because the Government breached the plea agreement at Luong's sentencing hearing. Luong also claims that the district court failed to undertake an individualized determination of the amount of marijuana involved in the conspiracy that was reasonably foreseeable by Luong.

Because Luong did not raise a claim of breach of the plea agreement before the district court, we review his claim for plain error. See United States v. Whitney, 673 F.3d 965, 970 (9th Cir. 2012). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." United States v. Cannel, 517 F.3d 1172, 1176 (9th Cir. 2008).

Luong claims that the Government violated the plea agreement by raising with the sentencing judge uncharged conduct, including money laundering

2

activities and a delivery of approximately 1,300 pounds of marijuana that was not part of the charged conspiracy, and by referring to Luong as the "right hand man" of a leader of the conspiracy. However, the Government discussed the uncharged conduct in the context of arguing that the full 1,907 kilograms of marijuana involved in the conspiracy were foreseeable to Luong and against Luong's request for a minor role reduction, and the plea agreement expressly allowed the Government to take such positions. Moreover, it is well settled that the Government may provide information on uncharged relevant conduct at a sentencing, see United States v. Speelman, 431 F.3d 1226, 1231-32 (9th Cir. 2005) (quoting U.S.S.G. § 6B1.2(a)), and, indeed, may be obligated to do so by its duty of candor to the sentencing court, see United States v. Maldonado, 215 F.3d 1046, 1052 (9th Cir. 2000). Nothing in Luong's plea agreement suggests otherwise.

Moreover, the district court properly overruled Luong's objection to the reference to the DEA case agent's use of the term of "right hand man" in the Presentence Investigation Report after the Government offered evidence documenting Luong's participation in the conspiracy.

The Government did not violate the plea agreement, and there was no error, plain or otherwise. Accordingly, we enforce the appellate waiver, dismiss Luong's

appeal, and decline to reach Luong's further objections. <u>United States v. Watson</u>,

582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**