NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DANIEL MICHAEL BRITO,<br><br>Defendant - Appellant. | No. 24-1478<br><br>D.C. No. 1:23-cr-00079-DKW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii

Derrick Kahala Watson, District Judge, Presiding

Submitted June 4, 2025[**]
Honolulu, Hawaii

Before: W. FLETCHER, CHRISTEN, and DESAI, Circuit Judges.

Defendant-Appellant Daniel Michael Brito pleaded guilty to one count of

production of child pornography. The district court calculated his Guideline

sentencing range as 324 to 405 months and imposed an above-Guideline sentence

of 480 months. Brito appeals from the sentence, arguing that the district court

impermissibly varied his sentence upward based on the court's view that his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sentence for a past state conviction was too lenient.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Brito first argues that the district court engaged in impermissible "double counting" when it justified an upward variance based on his past conviction.  *See United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007).  At sentencing, courts may not apply "one part of the Guidelines . . . to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines."  *United States v. Speelman*, 431 F.3d 1226, 1233 (9th Cir. 2005) (quoting *United States v. Reese*, 2 F.3d 870, 895 (9th Cir. 1993)).

The district court did not engage in double counting.  The court applied one sentencing enhancement under § 4B1.5(a)(2).  It then decided that the nature of Brito's past conviction justified a further upward variance from the Guideline range.  We have held that due to the advisory nature of the Guidelines, courts are "not prohibited from considering the extent to which the Guidelines d[o] not sufficiently account for the nature and circumstances of [a defendant's] offense, . . . even though the Guidelines account for these factors . . . to some extent."  *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013).  The court was thus "free to conclude that the applicable Guidelines range g[ave] . . . too little weight" to Brito's state conviction and to vary its sentence accordingly.  *Id.* (quoting *United*

*States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2005)).

Brito next argues that the district court's upward variance violated the Double Jeopardy Clause because it constituted a "second punishment" for his state conviction. *See United States v. Halper*, 490 U.S. 435, 451 n.10 (1989). This argument is foreclosed by precedent. The Supreme Court has held that Double Jeopardy protections are generally "inapplicable to sentencing proceedings because the determinations at issue do not place a defendant in jeopardy for an 'offense.'" *Monge v. California*, 524 U.S. 721, 728 (1998) (citation omitted). Thus, in varying upward, the district court permissibly took into account Brito's past misconduct as an aggravating sentencing factor for his immediate offense.

**AFFIRMED.**