[PHILADELPHIA, DECEMBER 29, 1828.]

FREYTAG, Esq., for himself and others, *against* ANDERSON.

### IN ERROR.

To entitle a landlord to demand from his tenant security for the payment of three months' rent, or a surrender of the possession of the premises, under the act of the 25th of *March*, 1825, it is not sufficient that the tenant has removed part of his goods, without leaving sufficient to secure the payment of three months' rent, while he himself remains in possession of the premises. To give the justices jurisdiction under this act, the removal of the lessee is necessary.

ON a writ of error to the Court of Common Pleas of *Philadelphia* county, it appeared that the proceedings in this case arose under an act of assembly, passed the 25th day of *March*, 1825, entitled, " A supplement to the act, entitled, an act for the sale of goods distrained for rent, and to secure such goods to the persons distraining the same, for the better security of rents, and for other purposes therein mentioned," the provisions of which are confined to the city and county of *Philadelphia*.

*Michael Freytag*, for himself and others, on the 20th day of *May*, 1826, required *Henry Anderson*, by a written notice, to give security for three months' rent in five days, for the occupancy of a house, or to give him peaceable possession, on or before the 26th day of *May*, 1826. *Henry Anderson* not complying with the terms of this notice, *Michael Freytag*, on the 27th day of *May*, 1826, made an affidavit before two justices of the peace of the county of *Philadelphia*, that *Henry Anderson* had then possession, as tenant from year to year, of a certain house situated in *Plumb* Street, in *Southwark;* that he had no goods or personal property on the premises, sufficient to satisfy a quarter's rent; but that nearly all had been removed; and that he had demanded security from *Henry Anderson*, for the payment of three months' rent, or peaceable possession of the premises. In consequence of this affidavit, the justices on the same day, issued their summons to *Hen-*

(Freytag, Esq., for himself and others, *v.* Anderson.)

ry *Anderson,* to appear before them on the 3d day of *June* next, to answer the complaint of *Michael Freytag* and others, "for *having his goods removed* from the premises," which *he then occupied* as tenant of the said *Michael Freytag* and others, "having refused to give security for three months' rent, or to deliver up possession of the same, on due notice." Such were the words of the summons.   On the last mentioned day, the parties appeared before the justices, when the case was continued, till the 8th day of *June,* on which day the defendant only appeared, and judgment was rendered against him, "that the premises *occupied* by him, should forthwith be delivered up to the plaintiff." On the 9th day of *June,* a writ of possession was issued, returnable on the 13th, in which it was again stated, that *Henry Anderson,* a lessee for years of *Michael Freytag,* "not having sufficient goods and chattels on the premises leased, to secure three months' rent, had refused to give security for the payment thereof in five days after demand of the same in writing, and had also refused to deliver up possession of the premises; therefore we command, &c."   A writ of *Certiorari* was afterwards issued to the two justices of the peace, by the Court of Common Pleas of *Philadelphia* county, by which the proceedings were brought before that court, and on the 22nd day of *January,* 1827, on a hearing, the judgment of the justices was reversed; and on this judgment of the Court of Common Pleas, the case came before this court by a writ of error.

*E. Ingersoll,* for the plaintiff in error.—The question is, whether to support proceedings under the act of the 25th of *March,* 1825, it is necessary that the tenant himself should have actually removed from the premises?   What the fact was, as to removal, we do not know.   The affidavit states all that the law requires, and the justices have given their judgment upon the facts submitted to them.   This, it was clearly the intention of the law to leave to the justices, and it is very proper it should be so.   The question of removal is often one of great nicety, particularly in the country, where the movements of a tenant cannot easily be observed.   A removal of the person, is not required by law, to sanction these proceedings.   If the goods, which are all that constitute a home, and furnish a security for the rent, be taken away, it is a removal within the scope of the law.   If the evidence given to the justices, appeared upon the record, and showed no removal, there would be some foundation for the other side of the case; but nothing of that sort appears; and as the case was within the jurisdiction of the justices, and they have given a judgment upon a matter they were competent to decide upon, that judgment ought to stand; and the Court of Common Pleas was wrong in reversing it.

*I. Norris,* for the defendant in error.—The second section of the act requires an actual removal.   The doubt arises from the disjunctive, *or shall refuse,* being used instead of, *and shall.   Or* may be construed, *and.* 1 *Yeates,* 319.   *White* v. *The Common-*

(Freytag, Esq., for himself and others *v.* Anderson.)

*wealth,* 1 *Serg. & Rawle,* 141. The intention of the act is clear, from the latter part of the section where the facts to be proved are stated: " and if it *shall appear* that the *lessee has removed, &c.* The spirit and meaning of the act require a removal in fact. The *old law,* (act of 1772,) only provides for the *determination* of the lease. The *mischief* was, malicious tenants leaving the premises vacant, and refusing to give up possession. The *remedy* is sensible and judicious: the tenant has the option to leave sufficient goods on the premises to secure a quarter's rent, or to give security for it, if he refuses to deliver up possession when he has removed. The legislature did not intend to impose a *new burden* on tenants. The act speaks of the removal of the *lessee,* which is a removal of the *person.* If there is a removal in fact, but a colourable and fraudulent continuance in possession, it is a question of *fact,* to be decided by the justices.

This is a new mode of procedure unknown to the common law. It does not give a trial by jury in any instance. The rule laid down under the act of 1772, by Gibson, J., in *Blashford v. Duncan,* 2 *Serg. & Rawle,* 486, is sound, and equally applicable here: *leave nothing to construction.* The record then does not show a removal of the tenant. Every thing required by the act must appear on record. *Fahnestock* v. *Faustenhauer;* 5 *Id.* 174.

*Reply.*—It is not necessary that the justices should state on the record all the facts. Under the old act of 1772, it is necessary that the inquisition should, for the guidance of the sheriff, who is to execute the writ of possession. But here, the tribunal that decides, issues the writ. In a jury trial, all the necessary facts must be proved to the jury, but they are not found and entered on record. The act does not require that all the facts should be entered on record. Two witnesses, the record states, were examined; the presumption is, that they proved the necessary facts. Every presumption should be made in favour of the proceedings of the justices.

The opinion of the court was delivered by

Smith, J.—The case appears to this court, to be one clear of difficulty. The act provides for a case, where a tenant or lessee for a term of years in the city and county of *Philadelphia,* with intent to defraud his landlord, *removes from the demised premises,* and does not leave sufficient property or goods to pay at least three months' rent, or refuses to give security for the payment of the rent, and to deliver up the possession of the premises; in which case, the act gives a remedy. But the case before us is not within the act; for the affidavit, warrant, and record of the proceedings do not state, either that the defendant had removed his goods, with intent to defraud his landlord, or that he is not in actual possession, or that he has removed from the premises, without leaving sufficient property thereon to secure the payment of at least three

(Freytag, Esq., for himself and others, *v.* Anderson.)

months' rent; but it is assumed, that a lessee or tenant, who has not sufficient property to pay the rent, is within the act, although he may not, or has not removed his family or goods with a fraudulent intent, and although he continues in full and complete occupancy and possession by himself and family, and has on the premises all his personal property. This construction given by the justices to the act of assembly is wrong, and the Court of Common Pleas were right in reversing their judgment. The words in the act, "*if any lessee shall remove from such premises*," run through the whole act, and this fact *of removal* must appear to the justices, and is necessary to give them jurisdiction. A lessee or tenant *who removes*, and does not leave property sufficient to pay the rent, *or* give security for the payment thereof, if required, is within the provisions of the act; but a lessee or tenant, who continues in possession, who neither removes himself nor his goods, is not within the same. The judgment of the Court of Common Pleas is therefore affirmed.

Judgment affirmed.