**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth OHLER, Defendant–Appellant.**

**No. 92–30316.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1993 *.

Decided June 28, 1993.

Steven R. Sady, Chief Deputy Federal Public Defender, Portland, OR, for defendant-appellant.

Fred N. Weinhouse, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: PREGERSON and KLEINFELD, Circuit Judges, and INGRAM, District Judge.**

KLEINFELD, Circuit Judge:

This case involves a question of first impression regarding the transfer of probation jurisdiction. We conclude that no liberty interest was at stake in the transfer of appellant's probation jurisdiction from the district where the original crime was committed to the district where the appellant resided and the probation violations were committed. Therefore, no notice or hearing was required before the transfer was made.

## I. FACTS

In 1988, Ohler pled guilty in the District of Arizona to theft of an interstate shipment in violation of 18 U.S.C. § 659, a crime punishable by up to one year of imprisonment. He was sentenced to three years' probation. Ohler had an Oregon address. The conditions of his Arizona probation included self-surrender in Oregon and confinement in an Oregon community treatment center. His probation was supervised in Oregon, but jurisdiction over his probation remained in the District of Arizona.

In 1991, while still on probation, Ohler was arrested in Oregon for a separate offense. The United States District Court in Arizona ordered transfer of Ohler's probation jurisdiction to the United States District Court in the District of Oregon, which accepted the transfer. Because Oregon was already supervising Ohler's probation, the practical significance of the transfer was to put any revocation proceeding in Oregon rather than Ari-

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

** The Honorable William A. Ingram, Senior United States District Judge for the Northern District of California, sitting by designation.

zona. Ohler did not receive notice or a hearing regarding the transfer.

In April 1992, Ohler was convicted in Oregon state court of delivery of marijuana and two counts of theft. Based on these convictions, proceedings were instituted to revoke Ohler's probation. Following a hearing, the United States District Court for the District of Oregon revoked Ohler's probation, and resentenced Ohler to one year of imprisonment. He appeals, arguing: (1) the transfer of his probation jurisdiction without notice to him, an opportunity to be heard, and appointment of counsel violated due process; and (2) the district court erred in resentencing him to one year of imprisonment.

## II. TRANSFER OF JURISDICTION

▇ Ohler unsuccessfully moved to dismiss his probation revocation proceeding on the ground that the transfer from Arizona to Oregon violated his procedural due process rights. He alleges the due process violation because he did not receive notice, a hearing, and appointment of counsel. Whether the transfer of Ohler's probation jurisdiction violated Ohler's due process rights presents a purely legal question, so we review the denial of the motion to dismiss de novo. *See United States v. Anderson*, 942 F.2d 606, 609 (9th Cir.1991). Whether he was entitled to any or all of these due process rights depends on whether he had a liberty interest in keeping his probation in Arizona. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1089 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). The question of whether a probationer possesses a liberty interest in the site of his probation jurisdiction appears to be an issue of first impression.

▇ Ohler has not been able to cite a statute or rule conferring any right upon him with regard to *the location* of his probation jurisdiction. Rather, he cites Federal Rules of Criminal Procedure 32.1(a)(2) and 32.1(b) to support his contention that due process required he receive notice, a hearing, and appointment of counsel before the transfer of his probation jurisdiction. But Rule 32.-1(a)(2) relates to the *revocation* of probation, not the transfer of probation jurisdiction.

Ohler does not claim a denial of due process in his revocation proceeding. Similarly, Rule 32.1(b) applies only when "terms or conditions of probation or supervised release" are modified. The location of probation jurisdiction is not such a term or condition.

Title 18 U.S.C. § 3605 governs transfers of probation jurisdiction. This statute provides:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.

The statute gives a court discretion to order a transfer, but conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made, and upon selection of a district to which the probationer was required or permitted to proceed. Ohler does not assert any violation of the statutory requirement that Oregon be a district to which he was required or permitted to proceed.

Ohler contends that a probationer has an interest in having his revocation proceeding take place in the district in which he was originally sentenced because officials in that district will be most familiar with the probationer's case. He argues that the familiarity of the officials with the particular facts of a probationer's case "may have a profound impact on the outcome of a subsequent revocation proceeding where the probationer's liberty interest is at stake." This argument goes not to whether Ohler possesses a liberty interest in the site of his probation jurisdiction, but to whether the district court to which the transfer is made exercises its jurisdiction after sufficiently familiarizing itself with the case.

The issue is somewhat analogous to a sentencing by a judge who did not preside over trial of the case. In the sentencing context, the defendant does not get notice and a hearing before the case is reassigned to another judge for sentencing. Instead, the record is examined to determine whether the sentencing judge was sufficiently familiar

with the case. Ohler has found no authority recognizing a liberty interest in retaining jurisdiction in those judicial officers who have *the greatest* familiarity with his case. *See United States v. Jones,* 982 F.2d 380 (9th Cir.1993). Ohler has not argued, nor does the record suggest, that Judge Marsh, who presided at his probation revocation in the District of Oregon, lacked sufficient familiarity with his case. Hence, we find that the transfer of jurisdiction did not deprive Ohler of any right or interest created by the statute.

### III. ONE YEAR AS ONE–THIRD OF THE ORIGINAL SENTENCE

The statute required that Ohler be sentenced to "not less than one-third of the original sentence." 18 U.S.C. § 3565(a). Ohler argues that the fraction should be applied to the one-year maximum imprisonment available to the sentencing judge at the time of his sentencing for the 1988 offense, not to the three-year probation period to which he was actually sentenced. In *United States v. Corpuz,* 953 F.2d 526, 527 (9th Cir.1992), we held that probation is a sentence, so the "one-third" is measured against the period of probation actually imposed, even if the maximum period of imprisonment which could have been imposed for the earlier offense was shorter than the probation. *Corpuz* controls. Although Ohler makes a serious argument that *Corpuz* was incorrectly decided, only an en banc court can overrule existing circuit precedent. *Morton v. De Oliveira,* 984 F.2d 289, 292 (9th Cir.1993).

AFFIRMED.