10 F.3d 807
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin B. PUCKETT, Jr., a/k/a Butch, Defendant-Appellant.
 No. 93-5169.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 5, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.
 Steven M. Askin, ASKIN, BURKE & SCHULTZ, for Appellant.
 E. Montgomery Tucker, United States Attorney, Thomas J. Bondurant, Jr., Assistant United States Attorney, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Marvin B. Puckett, Jr., appeals the revocation of his probation. He argues that he was entitled to a hearing before jurisdiction over his probation was transferred from the Northern District of West Virginia to the Western District of Virginia. He also claims that the district court abused its discretion in revoking his probation. We affirm.
 
 I.
 
 2
 In 1987, Puckett pleaded guilty to two federal drug offenses in the Northern District of West Virginia. He was sentenced to two years imprisonment on the first count, to be followed by five years of probation for the second count. Puckett began his probationary period in 1989, with supervision through the probation office in Harrisonburg, Virginia, where he moved following his release from prison.
 
 
 3
 Puckett became the subject of a narcotics investigation by the Winchester police. Local officers observed Puckett in possession of firearms on four occasions in November and December 1991. Two of the incidents were videotaped. In early 1992, Winchester police told Puckett's probation officer that Puckett was under investigation and had been videotaped in possession of firearms. The probation officer wrote the West Virginia court, asking that jurisdiction be transferred to the Western District of Virginia. The transfer was made in February 1992, with no notice to Puckett. The probation officer filed a petition for revocation with the Virginia court in April 1992.
 
 
 4
 Puckett was arrested on May 22, 1992. He learned at that time of the transfer of jurisdiction over his probation, and moved to have it transferred back to West Virginia, on the ground that he was entitled to notice and a hearing before such an action. His motion was denied by a magistrate judge, and, on appeal, by the district court. Following a probation revocation hearing, where Puckett was represented by counsel, the district court revoked probation and imposed a ten-year sentence of imprisonment.
 
 II.
 
 5
 Puckett argues that the transfer of jurisdiction over his probation, pursuant to 18 U.S.C.A. Sec. 3605 (West 1985), is a modification of the terms of probation. Therefore, he claims, he was entitled to a hearing and the assistance of counsel under Fed. R. Crim. P. 32.1(b), before such a transfer may be made. The Ninth Circuit recently rejected the argument Puckett makes, holding that the location of probation jurisdiction is not a term or condition of probation under Rule 32.1(b). United States v. Ohler, 996 F.2d 1023, 1024-25 (9th Cir. 1993). We agree, and hold that Puckett's claim fails. The district court acted properly in denying Puckett's request for a hearing on this issue.
 
 III.
 
 6
 In most cases of probation violation, the district court has discretion to decide whether to revoke probation once the court has determined that a violation of probation conditions has occurred. Black v. Romano, 471 U.S. 606, 611 (1985). However, underSec. 3565(b), the district court is obligated to revoke the probation"if the defendant is in actual possession of a firearm, as that term is defined in [18 U.S.C.] 921 ..., at any time prior to the expiration or termination of the term of probation...."
 
 
 7
 Puckett admits that he handled firearms on the four occasions charged by the government. He claims, however, that because each incident was brief and innocuous, the district court abused its discretion in revoking his probation. Under the plain language of the statute, however, the district court has no discretion upon proof of such a violation. Therefore, Puckett's argument is without merit.* Accordingly, we affirm the district court's revocation of probation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Puckett also argues that proof of the violation was insufficient because the government offered no evidence that the firearms were shipped or transported in interstate commerce, citing 18 U.S.C.A. Sec. 922(g) (West 1976 & Supp. 1993). Despite a reference to Sec. 922(g) in the arrest warrant, Puckett was not tried for violation of Sec. 922(g); rather, his probation was revoked under Sec. 3565(b), which has no element of interstate or foreign commerce