**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4018

TIMOTHY LYNN ODOM, a/k/a Timothy
Lynn Odum,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 00-4028

TIMOTHY LYNN ODOM, a/k/a Timothy
Lynn Odum,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-270, CR-92-177)

Submitted: June 15, 2000

Decided: June 28, 2000

Before NIEMEYER and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Timothy L. Odom appeals the district court's revocation of his concurrent terms of supervised release and the resulting consecutive sentences based on his two previous convictions. Odom's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that jurisdiction over one term of supervised release was improperly transferred, that revocation of both terms of supervised release was error, and that imposition of consecutive sentences was clearly unreasonable. Odom did not file a supplemental pro se brief. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

We first find that jurisdiction over Odom's supervised release was properly transferred despite his lack of knowledge concerning the transfer. See 18 U.S.C. § 3605 (1994); United States v. Ohler, 22 F.3d 857, 858-59 (9th Cir. 1994). We next find that the district court did not abuse its discretion in revoking Odom's concurrent terms of supervised release based on his admitted violations. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). Finally, we find that the district court was well within its discretion to impose consecutive sentences based on Odom's admitted violations, as it adopted the factual findings of the probation officer, considered the applicable guidelines

2

provisions, and stated that consecutive sentences would allow Odom the needed time to obtain appropriate counseling. See United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998). Accordingly, we affirm the district court's judgments.

We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. However, if the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED