**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Humberto CUEVAS–SALGADO, Defendant—Appellant.**

No. 04–10175.

D.C. No. CR–03–50080–JMR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2004.\*

Decided Dec. 27, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Susan Baumann, Assistant United States Attorney, Tuscon, AZ, for Plaintiff–Appellee.

Eric Marsteller, Tucson, AZ, for Defendant–Appellant.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM**

Humberto Cuevas–Salgado appeals the district court's order revoking his supervised release. He contends the court lacked jurisdiction, and alternatively, challenges his sentence. We conclude the court had jurisdiction to revoke the supervised release and did not err in sentencing. Accordingly, we affirm.

## DISCUSSION

■ Cuevas–Salgado argues the district court lacked jurisdiction to revoke his supervised release imposed by a district court in Texas. We disagree. Jurisdiction over Cuevas–Salgado's supervised release was properly transferred pursuant to 18 U.S.C. § 3605. *See United States v. Ohler,* 22 F.3d 857, 858 (9th Cir.1994) (noting "statute gives a court discretion to order a transfer" of jurisdiction over a person on supervised release). We reject Cuevas–Salgado's contention that transfer of jurisdiction is not proper unless the terms of his original supervised release required or permitted him "to proceed" to Arizona. The plain language of § 3605 authorized the transfer of jurisdiction in this case.

■ Cuevas–Salgado also argues the district court should have departed downward or imposed a concurrent sentence for his violation of supervised release. We lack jurisdiction to consider a district court's discretionary refusal to depart downward. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004). Cuevas–Salgado seeks to avoid this jurisdictional bar by arguing the district court refused to exercise its discretion based on its misconception of the sentence imposed for Cuevas–Salgado's prior illegal reentry conviction in Texas. The record does not support that argument. Although the district court did comment that Cuevas–Salgado's prior state conviction for "deadly conduct" appeared to be an aggravated

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

felony that could have been used to enhance his federal sentence in Texas, the court ultimately acknowledged it did not "know the circumstances" underlying the state conviction and would sentence Cuevas–Salgado on "just what [his] record reflects and ... what the law provides."

■ Finally, Cuevas–Salgado contends the district court failed to consider the factors set forth in 18 U.S.C. § 3553(a) before imposing a consecutive sentence. We have held that, although U.S.S.G. § 7B1.3(f) mandates a consecutive sentence for revocation of supervised release, district courts must nonetheless consider the statutory factors before "determining whether to impose a consecutive rather than a concurrent sentence." *See United States v. Steffen,* 251 F.3d 1273, 1278 (9th Cir.2001). We conclude the district court complied with § 3553(a) by considering "the nature and circumstances of the offense and the history and characteristics of the defendant" and by selecting a sentence "to reflect the seriousness of the offense ..." 18 U.S.C. § 3553(a)(1) & (2)(A).

**AFFIRMED.**

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.