

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-2007

# USA v. Votta

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4441

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Votta" (2007). *2007 Decisions.* Paper 1795.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1795

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-82                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4441

UNITED STATES OF AMERICA

v.

JOSEPH VOTTA,
                                    Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-CR-0009)
District Judge: Honorable Christopher C. Conner

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 21, 2006

Before: Barry, Ambro and Fisher, Circuit Judges.

(Filed   January 9, 2007)

OPINION

PER CURIAM

Joseph Votta appeals from an order of the United States District Court for the

Middle District of Pennsylvania, denying his motion to transfer jurisdiction over his

supervised release. Votta cites 18 U.S.C. § 3605 as authority for his motion, which provides in pertinent part:

> A court, after imposing sentence, may transfer jurisdiction over a . . . person on supervised release to the district court for any other district to which the person . . . is permitted to proceed, with the concurrence of such court.

The District Court denied relief because it appeared that the United States District Court for the District of Arizona did not concur with Votta's request for a transfer.

On appeal, Votta argues that the District Court erred in denying his request because the Probation Officer for the United States Probation Office for the United States District Court for the District of Arizona did not conduct a proper investigation before denying his request, and because it is not clear whether the United States District Court for the District of Arizona (apart from the Probation Officer) concurred in the transfer of jurisdiction.

Attached to Votta's brief is a letter from R. Scott Stipe, Senior U.S. Probation Officer, written on letterhead for the United States District Court for the District of Arizona, Probation Office, which gives the reasons for denying the relocation request. It is clear that the Probation Officer's response was as an agent of the court. See United States v. Nash, 438 F.3d 1302, 1305 (11th Cir. 2006) ("[W]here the court makes the determination of whether a defendant must abide by a condition, . . . it is permissible to delegate to the probation officer the details of where and when the condition will be satisfied."), quoting United States v. Stephens, 424 F.3d 876, 880 (9th Cir. 2005). Because the statute requires the concurrence of the transferee court; 18 U.S.C. § 3605; see

2

also <u>United States v. Ohler</u>, 22 F.3d 857, 858-59 (9th Cir. 1994); and because the transferee court here indicated that it did not concur, the District Court lacked the authority to grant Votta's motion.  We therefore will affirm the District Court's order.