**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50003 |
| Plaintiff-Appellee, | D.C. No. 3:10-cr-03256-WQH-1 |
| v. | |
| DAVID C. JACQUOT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

David C. Jacquot appeals from the district court's order denying his motion

for transfer of his supervised release to the District of Idaho. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

A district court has discretion whether to transfer to another district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction over a person on supervised release pursuant to 18 U.S.C. § 3605. *See United States v. Ohler*, 22 F.3d 857, 858-59 (9th Cir. 1994). The district court's conclusion that its familiarity with the facts of Jacquot's case counseled against transfer here was not "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Thus, the district court reasonably exercised its discretion to deny transfer. Moreover, Jacquot has not shown that the district court's denial deprived him of access to the court; Jacquot's assertion that he will not be able to litigate effectively in the Southern District of California a yet-to-be-filed motion for early termination of supervision is entirely speculative.

**AFFIRMED.**