DLD-162                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1605
_____

UNITED STATES OF AMERICA

v.

WILLIAM F. KAETZ,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-21-cr-00211-001)
District Judge:  Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 1, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: August 8, 2024)
_____

OPINION*
_____

**PER CURIAM**

William F. Kaetz appeals from an order modifying his conditions of supervised

release.  We grant the Government's motion for summary action and will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

# I.

Kaetz was charged with crimes relating to his threats to kill a federal judge. He ultimately pleaded guilty to one count of publicizing the judge's home address in violation of 18 U.S.C. §§ 119(a)(1) and (a)(2). The District Court sentenced him to 16 months in prison and three years of supervised release. Kaetz has served his prison sentence and now is serving his term of supervised release.

At issue here are requests by the United States Probation Office to modify Kaetz's supervised release to include conditions that he (1) submit to searches and electronic monitoring of his computer equipment, and (2) participate in mental health treatment. The first request prompted the court to appoint counsel for Kaetz. Kaetz disclaimed representation, and counsel filed a motion to withdraw. Kaetz then agreed to proceed with counsel during a conference on September 13, 2023. But Kaetz soon sued counsel for malpractice, and counsel filed another motion to withdraw.

That development led the court to schedule a hearing for November 8, 2023. Kaetz filed pro se a motion to continue it and proposed an alternate date of December 8, 2023. The court granted Kaetz's motion and later scheduled an in-person hearing for December 8 to address issues concerning Kaetz's representation, including a personal colloquy of Kaetz, and then the substance of the Probation Office's requests. That order prompted numerous pro se filings by Kaetz, including three motions to continue that hearing too, which the court denied, as well as a written waiver of counsel, which the court declined to accept.

2

Ultimately, on the morning of the December 8 hearing, Kaetz filed a "notice" with the court informing it that he would not attend. Kaetz in fact did not attend, and the court concluded that Kaetz had knowingly and intentionally waived his right to do so. Thus, the court proceeded with the hearing and heard from a Probation Officer, who testified to the reasons for seeking to modify Kaetz's supervised release. The court then granted that request and the motion of Kaetz's counsel to withdraw.

But thereafter, the court stayed both orders and vacated its supervised-release order without prejudice. The court adhered to its view that Kaetz had waived the right to be present, but it concluded that it could not rule out the possibility that Kaetz thought counsel would actively represent his interests at the hearing. (Kaetz's counsel had been present but declined to substantively participate because Kaetz's malpractice suit against him was still pending.) Thus, the court decided to reconvene the hearing after Kaetz's malpractice suit was resolved.

Ultimately, the court scheduled another hearing for April 4, 2024. That order prompted a motion from Kaetz to dismiss the Probation Office's request, continue the hearing, and disqualify both his counsel and the District Judge. The court denied those requests.[1] Undeterred, Kaetz filed several more documents, including another "notice" advising the court that he would not attend the April 4 hearing either. The court denied

---

[1] The court also denied Kaetz's request in the same motion to reopen his previous proceeding under 28 U.S.C. § 2255 at W.D. Pa. Civ. No. 2-22-cv-01148. Kaetz's appeal as to his § 2255 proceeding has been separately docketed at C.A. No. 24-1646, and we are separately denying his request for a certificate of appealability in that appeal.

3

Kaetz's additional motions and proceeded with the April 4 hearing as scheduled. Once again, Kaetz did not attend, and the court proceeded with the hearing. The court then granted counsel's motion to withdraw and reimposed the two modifications to Kaetz's conditions of supervised release. Kaetz appeals.[2]

## II.

The Government argues that we should summarily affirm because this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 (2011). We agree and will affirm all of the orders under review substantially for the reasons explained by the District Court.

We separately address four issues. First, the District Judge who sentenced Kaetz recused himself from this proceeding on Kaetz's motion. Kaetz argues that the successor judge should have recused himself too. But the successor judge did not abuse his discretion in denying Kaetz's numerous motions for that relief. Kaetz relied solely on rulings adverse to him and the fact that he named the judge as a defendant in some of his many suits against federal judges.[3] Neither circumstance requires recusal by itself. See

[2] The District Court had jurisdiction to modify Kaetz's supervised release under 18 U.S.C. §§ 3231 and 3583(e), and its modification order is a final decision over which we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. See United States v. Wilson, 707 F.3d 412, 414 (3d Cir. 2013). Kaetz asserts that he is challenging that order and 27 others, including: (1) orders denying his motions to disqualify or recuse the District Judge, to continue the various hearings, to transfer venue to the District of New Jersey, and to stay orders pending appeal; (2) orders appointing counsel, declining to accept Kaetz's written waivers of counsel, and granting counsel's motion to withdraw; and (3) an order granting the Government's motion to delete the contents of certain electronic devices before returning them to Kaetz as agreed in Kaetz's plea agreement.
[3] Kaetz has appealed the dismissal of several of these suits to this Court. We will separately address those appeals in due course.

Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (judicial rulings); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (judge as defendant). Kaetz has not raised any other circumstance even arguably suggesting that recusal might have been warranted, and we see none.

Second, the court did not err in its handling of the issue of counsel. A person on supervised release has the right to counsel at a modification hearing pursuant to Fed. R. Crim. P. 32.1(c)(1). Courts have the discretion to accept waivers of that right. See United States v. Owen, 854 F.3d 536, 541-42 (8th Cir. 2017); United States v. Boultinghouse, 784 F.3d 1163, 1171-72 (7th Cir. 2015); United States v. Hodges, 460 F.3d 646, 650 (5th Cir. 2006). But before doing so, courts must satisfy themselves that a waiver was "knowing and voluntary under a totality of the circumstances." United States v. Manuel, 732 F.3d 283, 291 (3d Cir. 2013) (quotation marks omitted).

In this case, Kaetz has not specifically challenged the court's application of these principles, and we see no substantial question in that regard. The court honored Kaetz's Rule 32.1 right to counsel by appointing counsel and, although Kaetz initially resisted the appointment, he agreed to proceed with counsel at the September 13 conference. When he sought to proceed pro se again, the court gave him two chances to do so by scheduling two hearings for a colloquy with him. Kaetz refused to attend both. Kaetz does not even acknowledge that refusal in his filings on appeal. But to the extent he might argue that the court should not have required an in-person colloquy, the court acted well within its discretion under the circumstances, which included Kaetz's vacillation on the issue.

5

Moreover, the denial of leave to proceed pro se in the supervised release context can be harmless, see United States v. Spangle, 626 F.3d 488, 494 (9th Cir. 2010), and Kaetz has never shown prejudice. Kaetz argues that the court appointed counsel in order to "censor" him by refusing to consider his pro se filings. But with only one exception, the court in fact considered and ruled on the substance of his pro se filings.[4] And in any event, even if the court erred in its initial appointment of counsel, the court gave Kaetz two chances to proceed pro se thereafter and he rebuffed both.

Third, and relatedly, Kaetz asserts that the court deprived him of an opportunity to be heard. Not so. As just discussed, Kaetz refused to appear at not one but two modification hearings, the first of which the court held on a date that Kaetz himself requested, and the second of which the court held in an abundance of caution to give Kaetz one more chance to appear. Kaetz does not even acknowledge his refusal to do so, let alone claim that it was anything other than knowing and voluntary. Having reviewed

---

[4] That exception concerns Kaetz's motions to transfer venue back to the District of New Jersey where this case started and from which Kaetz himself requested a transfer to the Western District of Pennsylvania. The court suggested that Kaetz's motions lacked merit for that reason and others, but it denied them without prejudice to their reassertion through counsel or pro se following a colloquy. Kaetz never appeared for the colloquy, so the court had no basis to revisit the issue. Kaetz also has not raised any issue regarding venue in response to the Government's arguments that the denial of these motions was correct. In any event, the District Court sentenced Kaetz and thus retained authority over his supervised release even though he resides and is being supervised in the District of New Jersey. See 18 U.S.C. § 3583(e); United States v. Johnson, 861 F.3d 474, 479 (3d Cir. 2017); Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009). And although 18 U.S.C. § 3605 "gives a court discretion to order a transfer" of supervised-release jurisdiction, the statute "conditions transfer upon the acceptance of jurisdiction by the court to which the transfer is made." United States v. Ohler, 22 F.3d 857, 858-59 (9th Cir. 1994). Kaetz has raised nothing suggesting that that District of New Jersey agreed.

the issue, we fully agree that it was and that Kaetz thereby waived his right to attend.  See

Fed. R. Crim. P. 32.1(c)(2)(A); Manuel, 732 F.3d at 291.

Fourth and finally, Kaetz argues that his new conditions of supervised release

violate the First Amendment because the Probation Office's requests referenced his court

filings.  Kaetz raised this issue in several motions to dismiss the requests.  The court

denied those motions on the grounds, inter alia, that the requests were not barred as a

matter of law and that Kaetz's challenge likely turned instead on issues of fact to be

resolved at a hearing.  Assuming without deciding that Kaetz's challenge was even

cognizable in this context,[5] the court was right—Kaetz was required to provide a factual

basis for his challenge, see Paramo, 998 F.2d at 1220, and he had a chance to do so at the

December 8 and April 4 hearings.  But once again, he refused to attend both.

In any event, a Probation Officer testified about the reasons for the requested

modifications.  The court found his testimony credible and explained why it concluded

that the modifications were not based on the mere fact that Kaetz filed documents in

court but instead served the purposes of supervised release and were warranted under

---

[5] Kaetz relies on the elements of a civil claim for First Amendment retaliation, which is
inapposite in this context.  His argument instead implicates the theory of vindictive or
pretextual prosecution.  Kaetz has not cited any authority applying that theory to a
Probation Office's request to modify supervised release, and we are aware of none.  Cf.
United States v. Reeves, 450 F. App'x 740, 742 (10th Cir. 2011) (not precedential)
(noting that "vindictiveness and retaliation claims generally involve a prosecutor or a
judge" and that "[w]e have not found a reported case in which the prosecutorial
vindictiveness calculus was applied to a probation officer").  But assuming that this
theory could apply, the burden was on Kaetz to present facts (1) showing actual
vindictiveness, or (2) raising a presumption of vindictiveness that the Government could
seek to rebut.  See United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir. 1993).

18 U.S.C. §§ 3553 and 3583.  Kaetz has not even acknowledged that explanation, let alone challenged it.  We see no arguable basis to disturb the court's exercise of discretion.  See United States v. Santos Diaz, 66 F.4th 435, 447-48 (3d Cir.), cert. denied, 144 S. Ct. 203 (2023); see also United States v. Wilson, 707 F.3d 412, 416 (3d Cir. 2013) (affirming modification of conditions to include participation in a mental health program); United States v. Miller, 594 F.3d 172, 186, 187-88 (3d Cir. 2010) (noting appropriateness of a computer-monitoring condition).

III.

For these reasons, we grant the Government's motion for summary affirmance and will affirm.  Kaetz's motions in this Court are denied except to the extent that we have considered and rejected his challenges to all of the District Court orders he seeks to challenge, including the court's denial of his motions for "judicial notice."